Ms. Shayne King, Director City of Bryant Human Resources 210 S.W. 3rd Street Bryant, Arkansas 73022
Dear Ms. King:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of employee-evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter states that someone has verbally requested "documents reflecting the disciplinary action taken against" a certain employee for a specific incident. The employee was suspended for several days for the incident. You have determined that there is one document, a memorandum, that reflects that disciplinary action. You have further indicated that there is a compelling public interest in the disclosure of this record. You ask whether your two decisions — classifying the document as an employee-evaluation record, and that it should be released — are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Having reviewed the memorandum that you intend to release and your letter stating your factual findings, it is my opinion that your two decisions are consistent with the FOIA. *Page 2 
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. First, the City of Bryant is clearly an entity subject to the FOIA. Second, the memorandum is clearly a public record as defined by the FOIA. The latter defines a "public record" as (1) any writing, recording or sound in any medium that (2) is kept, and (3) that constitutes the performance or lack of performance of an official function.[1] The memorandum is a writing, that was kept, that details the failure to adhere to city policy.
The exemption that is relevant to your situation, as you note, is the exemption for employee-evaluation records. The FOIA does not define what an employee-evaluation record is; but this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job.[2] This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[3]
If a document meets the above definition, the documentcannot be released unless all the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and *Page 3 
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[4]
As for the final prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.[5]
These commentators also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists.[6] *Page 4 
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
In my opinion, your decision to classify the memorandum as an employee-evaluation record is consistent with the FOIA. The memorandum was created by (or at the behest) of the employer to detail a specific incident that related to the performance or lack of performance of an official function of the employee; namely, whether the employee complied with the city policy at issue.
Likewise, your decision that the employee-evaluation record meets the test for release is also consistent with the FOIA, in my opinion. The first three elements are clearly met: (1) the employee was suspended; (2) there is no appeals process for the suspension; and (3) the memorandum is relevant to the suspension because it details the fact of the suspension, the reason for the suspension, and was signed by the employee in recognition thereof. As for whether there is a compelling public interest in the record — the fourth element — I noted above that this is largely a question of fact that the custodian must resolve. You have specifically determined that, given the circumstances, there is a compelling public interest. In my opinion, your decision is consistent with the FOIA.
In summary, your decisions to classify the memorandum as an employee-evaluation record and to release the record are consistent with the FOIA, in my opinion.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[3] Id.
[4] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
[5] Watkins Peltz,supra, at 217-18 (internal citations omitted).
[6] Id. at 216 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").